## PROVIDENCE COUNTY.

STEPHEN G. MASON *et al. vs.* ESTHER JORDAN.

Under Gen. Stat. R. I. cap. 151, § 1, a married woman cannot convey realty as a *feme sole* if she has ever lived with her husband in this State.

No estoppel will avail against a married woman to validate a contract which she is incapable of making.

A note given solely in substitution or novation of a note without consideration is also without consideration.

BILL IN EQUITY for the surrender and cancellation of a note and mortgage or for instructions.

*January* 29, 1881. DURFEE, C. J. April 1, 1872, Esther Jordan, the defendant, being then a married woman, made a deed which purported to convey certain real estate belonging to her in the city of Providence to James E. Lyman and William M. Bowen for $23,400, $3,400 of which they paid down, giving their note for the remaining $20,000, secured by mortgage of the real estate. The defendant described herself in the deed as a single woman, and executed and acknowledged the deed as such without joinder with her husband. April 15, 1872, Lyman and Bowen made a deed purporting to convey the same estate to Thomas W. Chase and George G. Stillman for $39,032.64, all but $20,000 of which was paid down by the grantees. Both deeds contained covenants of title and warranty. In pursuance of an agreement between the parties to the second deed and the defendant, the defendant cancelled and discharged the note and mortgage given by Lyman and Bowen, taking in lieu of it, by way of substitution or novation, the note of Chase and Stillman for $20,000, secured by mortgage on the estate. May 27, 1876, Thomas W. Chase assigned his property to Stephen G. Mason for the benefit of his creditors. July 29, 1876, the defendant sold and conveyed the estate mortgaged to her by Chase and Stillman, under a power of sale in the mortgage, to her son, Henry P. Jordan, for $1,100. Subsequently she pre-

sented the note of Chase and Stillman for $20,000 to Mason, the assignee of Chase, claiming a dividend under the assignment on the full amount of the note, less $1,100 received from the mortgage sale. This suit is brought by Chase, Stillman, and Mason against the defendant, to compel her to surrender up and cancel the note and mortgage, or, if this relief is denied, for instructions to Mason whether as assignee he shall pay a dividend on the note to the defendant.

From the foregoing statement it is evident that if the ordinary rule is applied, the deed from the defendant to Lyman and Bowen was a nullity, and their note for $20,000, part of the price for the deed, was without consideration. *Warner* v. *Crouch*, 14 Allen, 163. It is also evident that Lyman and Bowen, having acquired nothing by the defendant's deed of April 1, 1872, could convey nothing by their own deed of April 15, 1872, unless meanwhile they had taken possession and acquired an incipient title by disseisin, which is not pretended, and consequently that the promise of Chase and Stillman to pay them $20,000, in addition to the $19,032.64 which they did pay them, was without consideration, for we think it is the law that when the conveyance is wholly ineffectual, so that neither the land contracted for nor any interest in it passes, the grantee is not liable on his promise to pay for it, merely because the deed contains collateral covenants of title and warranty. *Rice* v. *Goddard*, 14 Pick. 293; *Frisbee* v. *Hoffnagle*, 11 Johns. Rep. 50; *Gregory* v. *Scott*, 5 Ill. 392; *Aldrich* v. *Stockwell*, 9 Allen, 45.

It follows if the original note and promise were both without consideration, that the new note into which they were transmuted by novation was likewise without consideration, and that the defendant is not entitled to any dividend on account of it under the assignment.

The defendant, however, contends that she was entitled to make the deed of April 1, 1872, under Gen. Stat. R. I. cap. 151, § 1,[1] she having come into this State from Connecticut without

---

[1] As follows : " Sect. 1. Whenever any married woman shall or shall have come from any other state or country into this state without her husband, — he never having lived with her in this state, — and she shall continue or shall have continued to reside in this state, without her husband, for the space of one year

her husband about twenty years ago, and having lived in it continuously without him ever since.  But this is not enough, for cap. 151 requires further that the husband shall *never* have lived with the wife in this State; whereas according to the testimony the defendant's husband married her in this State, and lived with her in it for two or three years afterwards.  It is true this happened thirty years or more ago, but nevertheless it happened, and we do not see how the effect of it can have been changed by lapse of time.

The defendant also contends that she had a right to make the deed at common law, her husband having deserted her and renounced his marital rights.  The courts of some of the States have gone far to relieve married women, deserted by their husbands, from some of their disabilities, on the plea of necessity; but we are not informed that any court has ever held that a married woman, so deserted, has power to convey her real estate as if she were a *feme sole;* and in this State, in view of our statutes and of the construction which they have received, we think she has no power to convey in any other than the statutory mode.  *Concord Bank* v. *Bellis*, 10 Cush. 276.

Finally the defendant contends that there was sufficient consideration for the note to her, because, having described herself as a single woman in her deed, she would be estopped from denying it, and her grantees would thus get the estate by estoppel.  But in our opinion this view is untenable.  To sustain it would be in effect to enable a married woman to acquire by indirection power which the law directly withholds from her, and the law would thus become accessary to its own defeat.  *Lowell* v. *Daniels*, 2 Gray, 161; *Liverpool Adelphi Loan Association* v. *Fairhurst*, 9 Exch. Rep. 422; *Cannam* v. *Farmer*, 3 Exch. Rep. 698; *Keen* v. *Coleman*, 39 Pa. St. 299; *Keen* v. *Hartman*, 48 Pa. St. 497.  It is only when the ground of the estoppel is a mere tort that the estoppel will avail against a married woman.  No estoppel will avail against her to

continuously, she may afterwards, during her separate residence therein, transact business, make contracts, prosecute and defend suits in her own name, and dispose of such of her property as she may acquire by her own industry or otherwise.''

give effect to a contract or deed which she is incapable of making. Bigelow on Estoppel, 443–446.

We therefore grant the relief prayed for.

*Decree accordingly.*

*George H. Browne & John F. Lonsdale*, for complainants.
*Charles A. Wilson & William W. Rickard*, for respondent.